## ROBERT O. TREADWELL & others *vs.* JOHN MARDEN & others.

Suffolk. Nov. 15. — 19, 1877. COLT & AMES, JJ., absent.

Where, by the terms of a lease, rent is payable at stated times during the term, and the lessee becomes a bankrupt, the rent is, under the U. S. Rev. Sts. § 5071, considered as accruing from day to day; and an action can only be maintained for that part of the rent which accrued after the bankruptcy.

CONTRACT to recover a monthly instalment of rent, alleged to have been payable by the defendants to the plaintiffs on June 7, 1876. Trial in the Superior Court, without a jury, before *Pitman,* J., who allowed a bill of exceptions in substance as follows:

The plaintiffs leased to the defendants an estate in Boston, for the term of one year from November 7, 1875. By the terms of the lease the defendants covenanted to pay an annual rent of $2000, in monthly instalments of $167.67, on the seventh day of every month, beginning on December 7, 1875.

On May 26, 1876, the defendants filed their petition in bankruptcy in the District Court of the United States for the District of Massachusetts, and on June 1, 1876, were duly adjudicated bankrupts. The defendants pleaded their bankruptcy in bar of the action, and it was agreed that the same effect should be given to the plea as if a discharge in bankruptcy had been pleaded.

Upon these facts the defendants asked the judge to rule that their bankruptcy was a bar to the plaintiffs' right to recover, and was a release from all liability accruing after the date of filing the petition. The judge declined so to rule, but ruled that as the right of action under the lease arose subsequently to the defendants' adjudication in bankruptcy, their bankruptcy was no bar to the plaintiffs' right to recover; and found for the plaintiffs in the sum of $166.67. The defendants alleged exceptions.

*C. H. Chellis,* for the defendants.

*J. P. Treadwell,* for the plaintiffs.

MORTON, J. The bankrupt law provides that a discharge duly granted shall, with certain exceptions which do not apply in this case, " release the bankrupt from all debts, claims, liabil-

ities and demands which were or might have been proved against his estate in bankruptcy." U. S. Rev. Sts. § 5119. It also provides that " where the bankrupt is liable to pay rent or other debt falling due at fixed and stated periods, the creditor may prove for a proportionate part thereof up to the time of the bankruptcy, as if the same grew due from day to day, and not at such fixed and stated periods." § 5071.

This action is brought to recover a month's rent under a lease, a part of which, if the rent is to be regarded as growing due from day to day, accrued before the bankruptcy of the defendants, and a part afterward. For the proportionate part up to the time of the bankruptcy, the plaintiffs are entitled to prove against the estate in bankruptcy, and the discharge is a release of that part. For the part growing due after the time of the bankruptcy the plaintiffs are entitled to recover, as the discharge does not release it. *Ex parte Houghton,* 1 Lowell, 554.

It follows that the ruling of the Superior Court was erroneous. But as the plaintiffs, upon the admitted facts, are entitled to judgment for an ascertained part of their claim, there is no occasion for a new trial. If the plaintiffs will remit the proportionate part of their claim which grew due before the bankruptcy of the defendants, the exceptions will be overruled, otherwise the exceptions must be sustained. *Order accordingly.*