EDWARD B. RODICK *vs.* DAVID A. BUNKER.

Hancock.    Opinion April 11, 1892.

*Insolvency.    Discharge.    Lease.    R. S., c. 70, § § 25, 49.*

A discharge of an insolvent debtor who was lessee of real estate for a term of years, with covenant to pay rent at periods stated, is no bar to an action by the lessor on the covenant in the lease for rent accruing subsequent to the date of his insolvency.

ON REPORT.

Action of covenant on a lease.    Writ dated August 4, 1890. The case is stated in the opinion.

*E. S. Clark*, for plaintiff.

*W. P. Foster*, for defendant.

Lease passed, by the insolvency, to the assignee.    Defendant was freed from further obligation to pay rent, unless he actually occupied the premises.    *Hoyt* v. *Stoddard*, 2 Allen, 442; *Gray* v. *Bennett*, 3 Met. 525; *Comegys* v. *Vasse*, 1 Pet. 193; *Shelton* v. *Codman*, 3 Cush. 318; *Bemis* v. *Wilder*, 100 Mass. 446.

LIBBEY, J.    This is an action on a covenant in a lease of real estate for the payment of rent by the defendant.    In defense he relies upon his discharge in insolvency by the court of insolvency of Hancock county, from the payment of all his debts which existed on the eighth day of October, 1888, the day on which he was declared an insolvent, in accordance with the terms of chapter 70 of the revised statutes.    The lease sued on was executed by the parties on the fourteenth day of July, 1888, for the term from the thirteenth of March, 1888, to the twenty-first day of February, 1892, for which the defendant covenanted to pay rent of two hundred dollars per year in two semi-annual payments of one hundred dollars each.

The plaintiff does not claim the rent that had accrued prior to the insolvency of the defendant; and the contention between the parties is, whether the defendant is liable to pay the rent which he covenanted to pay in the lease, subsequent to his insolvency. The defendant claims that his rights under the lease passed to the assignee in insolvency, by the assignment executed by the judge of the court of insolvency, and that he had no estate under the lease after that assignment; and therefore, he claims that he is not responsible for the payment of the rent.

As the case comes before the court there is nothing that tends to show whether the assignee accepted the estate of the insolvent under the lease or had any control over it. It does not appear whether the defendant ceased to occupy after the assignment, or continued to occupy to the end of the lease. The assignment would convey the estate of the insolvent under the lease if the assignee elected to accept it. But until it is shown that he did elect to accept it, it does not appear that he has any estate under it. The insolvent may require him to elect within a reasonable time whether he will accept his estate as lessee or not; and if he does not accept it within a reasonable time, the insolvent may continue to occupy under it as if there had been no assignment made. This is the doctrine of the English courts under their bankruptcy act, as determined in *Mills* v. *Auriol*, 1 H. Black. 433, and 4 T. R. 94. The case is also found in Smith's Leading Cases, Vol. 1, Part II, 1227, Seventh American Edition, with notes by Hare and Wallace collecting the American decisions upon the same subject.

The English rule as determined by the courts of that country goes farther, and holds that the assignment does not relieve the lessee from the payment of rent accruing subsequent to the assignment, without some additional statutory provision or covenant in the lease. We understand the rule as determined by the courts in this country under the bankruptcy act of 1867, is to the same effect. *Treadwell* v. *Marden*, 123 Mass. 390.

The provisions of chapter 70 of our statutes, involved in the determination of this question, are as follows :

"Section 46. A discharge in insolvency duly granted shall, subject to the limitations in the two preceding sections," (which are not important here) "within this State, release the insolvent from all debts, claims, liabilities and demands, which were or might have been proved against his estate in insolvency."

"Section 25. All debts due and payable from the debtor at the time of the filing of the petition by or against him, and all debts then existing but not payable until a future day, a rebate of interest being made when no interest is payable by the terms of the contract, may be proved against the estate of the insolvent." . . . . "In all cases of contingent debts and contingent liabilities, contracted by the insolvent, and not herein otherwise provided for, the creditor may make claim therefor, and have his claim allowed with the right to share in the dividends if the contingency happens before the order for the final dividend; or he may at any time apply to the court to have the present value of the debt or liability ascertained and liquidated, which shall then be done in such manner as the court orders, and he may prove for the amount so ascertained." . . . . . "Where the insolvent is liable to pay rent or other debt falling due at fixed and stated periods, the creditor may prove for a proportionate part thereof up to the time of the insolvency as if the same fell due from day to day, and not at such fixed and stated periods. No debts other than those specified in this section, shall be proved or allowed against the estate."

The claim in suit is not a contingent debt or contingent liability, contracted by the insolvent. *Fernald* v. *Johnson*, 71 Maine, 437; but it falls under the last section of the clause quoted. It is very clear, then, that no claim for the rent covenanted to be paid under the lease in suit could have been proved against the insolvent's estate, which had not accrued at the time of the insolvency. True, the case of *Treadwell* v. *Marden*, before cited, arose under the bankruptcy act of the U. S. of 1867; but the provisions of our statute before quoted are the same in substance, if not in precise words, that are found in that act. And we think the same construction should be put

upon our statute in determining the question. before us, as is found in *Treadwell* v. *Marden, supra.*

We think it follows, then, that the rent sued for, which accrued after the insolvency of the defendant, was not provable against his estate, and is therefore, not barred by his discharge. The defendant must be defaulted for the rent from the date of his insolvency to the first day of August, 1890, with interest from the date of the writ.

*Defendant defaulted.*

PETERS, C. J., VIRGIN, EMERY, HASKELL and WHITEHOUSE, JJ., concurred.